```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

Jennifer Gregory,                  :
    Plaintiff,              :
                            :
    v.                      : File No. 2:08-CV-150
                            :
Metropolitan Life Ins. Co. and     :
American Airlines, Inc. c/o        :
American Eagle Inc. and            :
Executive Airlines,                :
    Defendants.             :

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Doc. Nos. 14, 28, and 40)

Plaintiff Jennifer Gregory brings this action against Defendants American Airlines, Inc. ("American") and Metropolitan Life Insurance Co. ("MetLife") to recover disability insurance benefits under the Long Term Disability Insurance Plan ("the LTD Plan") provided by her former employer, American, and administered by MetLife. The LTD Plan is governed by the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, which authorizes this civil action.

Counts II and IV of Plaintiff's Amended Complaint allege breach of fiduciary duty claims against each respective Defendant. (See Doc. 10, Am. Compl. ¶¶ 56.5, 62.) American has filed a Motion to Dismiss Count IV of the Amended Complaint for Failure to State a Claim Upon Which

Relief Can Be Granted (Doc. 14), and MetLife has filed a Motion to Join American's Motion to Dismiss Count IV of the Amended Complaint and to Dismiss Count II of the Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 40). For the reasons stated below, I recommend that Defendants' respective Motions to Dismiss Counts II and IV of the Amended Complaint be granted.

## Background Facts and Procedure

The following facts are accepted as true for purposes of the pending Motions.[1]

Plaintiff was formerly employed by American as a commercial airline pilot. (Doc. 10, Am. Compl. ¶ 8.) During Plaintiff's employment with American, American issued benefits to its employees under both an Optional Short Term Disability Plan ("the OSTD Plan") and a Long Term Disability Plan ("the LTD Plan"). (*Id.* at ¶¶ 2, 3.) MetLife acted as the claims processor for the OSTD and LTD Plans (*id.* at ¶ 4), and at all times relevant to this action was acting as the actual and apparent agent of American (*id.* at ¶ 57).

---

[1] The Court has not considered the Affidavit submitted with Plaintiff's Response to American's Motion, given that, in ruling on a Rule 12(b)(6) motion to dismiss, the court may look only to the allegations in the complaint and any documents attached thereto or incorporated therein by reference. *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999).

In 2003, because her pregnancy prevented her from performing her job duties, Plaintiff applied for and received benefits under the OSTD Plan. (Am. Compl. ¶ 9.) In November 2004, Plaintiff notified MetLife that she wished to pursue benefits under the LTD Plan because in April 2004 she had developed a condition known as "restless leg syndrome." (*Id.* at ¶ 10.) Thereafter, Plaintiff provided MetLife with the forms required to open the LTD claim. (*Id.* at ¶¶ 11-15.) By letter dated June 9, 2005, MetLife informed Plaintiff that her claim for benefits under the OSTD Plan was denied. (*Id.* at ¶¶ 16-17.) The letter made no mention, however, of Plaintiff's claim for benefits under the LTD Plan (*id.* at ¶ 18), and in fact, Plaintiff claims she has never received written notice that a decision has been made on her claim for LTD benefits (*id.* at ¶¶ 21, 34, 37, 39, 40, 44). Plaintiff also claims that, despite her repeated requests, MetLife failed to provide her with a copy of her file until January 3, 2007. (*Id.* at ¶ 45.)

On July 23, 2008, Plaintiff filed this lawsuit against American and MetLife, seeking, among other things, LTD benefits based on her restless leg syndrome. On July 27,

2008, Plaintiff filed an Amended Complaint which includes four Counts. The First Count alleges that Defendants violated ERISA law and regulations in their handling of Plaintiff's LTD claim. (Am. Compl. ¶¶ 47, 50-54.) The Second and Fourth Counts allege breaches of fiduciary duty on behalf of each Defendant, respectively. (*Id.* at ¶¶ 56.5, 62.) The Third Count alleges that all actions and omissions of MetLife are attributed to American under the law of agency (*id.* at ¶ 59), and re-alleges that Plaintiff is entitled to benefits under the LTD Plan (*id.* at ¶ 60).

More specifically, the Amended Complaint alleges that Defendants' denial of Plaintiff's LTD claim was arbitrary and capricious, that Defendants exhibited bad faith in their handling of Plaintiff's LTD claim, that MetLife failed to provide Plaintiff with a full and fair review of her LTD claim, and that MetLife failed to comply with ERISA regulations and the terms of the LTD Plan. (Am. Compl., ¶¶ 50-53.) Additionally, the Amended Complaint alleges that MetLife acted negligently in its handling of Plaintiff's LTD claim, and that any further attempt to obtain LTD benefits through the administrative process would be futile. (*Id.* at ¶¶ 54-55.)

Plaintiff seeks a determination that she is disabled within the meaning of the LTD Plan, payment of all long-term disability benefits under the LTD Plan, continued payment of all long-term disability benefits under the LTD Plan unless her entitlement to such benefits is properly terminated under the Plan, damages for breach of fiduciary duty, interest on all long-term disability benefits withheld, attorney fees and costs of suit, and punitive damages.  (Am. Compl., p. 11, ¶¶ a-g.)

## Standard of Review

Fed. R. Civ. P. 12(b)(6) allows a defendant to move for dismissal for "failure to state a claim upon which relief can be granted."  On a motion to dismiss pursuant to Rule 12(b)(6), the Court must "'accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor.'"  *Allaire Corp. v. Okumus*, 433 F.3d 248, 249 (2d Cir. 2006) (quoting *Scutti Enters., LLC. v. Park Place Entm't. Corp.*, 322 F.3d 211, 214 (2d Cir. 2003)).  Moreover, a complaint need only plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007).

A complaint may not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief.'" *Allaire Corp.*, 433 F.3d at 250 (quoting *Scutti Enters., LLC.*, 322 F.3d at 214). The Court's duty on a Rule 12(b)(6) motion to dismiss "'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) (quoting *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984)). In ruling on such a motion, the court must look only to the allegations in the complaint and any documents attached thereto or incorporated therein by reference. *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999).

## Analysis

29 U.S.C. § 1104 sets forth the duties owed by ERISA fiduciaries to plan participants. 29 U.S.C. § 1132(a)(1)(B) (ERISA § 502(a)(1)(B)) provides that a plan participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms

of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ." 29 U.S.C § 1132(a)(3) (ERISA § 502(a)(3)) provides, in relevant part, that a participant may bring a civil action to "obtain other appropriate equitable relief" to redress a plan administrator's breach of its fiduciary duties.

In *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996), the U.S. Supreme Court held that ERISA § 502(a)(3) is a "catchall" provision, acting as a "safety net" to offer equitable relief to plan participants for injuries caused by violations that § 502 "does not elsewhere adequately remedy." The Court specifically limited its ruling, however, authorizing equitable relief under § 502(a)(3) *only where there is no other adequate remedy*. The Court stated:

> [W]e should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, *there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate."*
>
> But that is not the case here. The plaintiffs in this case could not proceed under the *first* subsection because they were no longer members of the [original] plan and, therefore, had no "benefits due [them] under the terms of [the] plan." § 502(a)(1)(B). They could not proceed under the *second* subsection because that provision, tied to § 409, does not provide a remedy for individual beneficiaries. They must

7

> rely on the *third* subsection or they have no remedy at all.

*Id.* at 515 (first emphasis added) (citations omitted). Therefore, the Supreme Court in *Varity* held that, although it is *possible* that a plaintiff may successfully assert a claim under both ERISA § 502(a)(1)(B) to enforce the terms of a plan and ERISA § 502(a)(3) for breach of fiduciary duty, equitable relief under § 502(a)(3) would "normally" not be appropriate. *Id.*

In this case, for the reasons explained below, equitable relief under § 502(a)(3) is not appropriate. The facts in this case are distinguishable from those at issue in *Varity*. In *Varity*, the plan beneficiaries' requested relief included reinstatement to their original benefit plan. Here, the relief requested in Plaintiff's Amended Complaint includes payment of benefits alleged to be due under the LTD Plan, which relief is provided in ERISA § 502(a)(1)(B). Alternatively, based on statements made in her Responses to the instant Motions, Plaintiff appears to request remand for a full and fair review of her LTD claim, which relief is provided in ERISA § 503(2) and the relevant case law, *see, e.g., Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 630 (2d Cir. 2008).

In her Response to American's Motion, Plaintiff cites *Cohen v. Metropolitan Life*, 485 F. Supp. 2d 339 (S.D.N.Y. 2007). That case is inapposite, however, as it was decided on summary judgment, and the holding addressed whether a plan administrator's denial of the claimant's benefits claim and failure to provide the claimant with a full and fair review of her claim were arbitrary and capricious. (*Id.* at 353-354.) Here, the Court is not at the point of determining the merits of MetLife's handling of Plaintiff's LTD claim, but rather, is merely determining whether Plaintiff has stated a cognizable claim for breach of fiduciary duty.

Plaintiff also cites *Devlin v. Empire Blue Cross*, 274 F.3d 76, 89-90 (2d Cir. 2001) in her Response to American's Motion. In that case, the Second Circuit held that claims for benefits under ERISA § 502(a)(1)(B) and for fiduciary breach under ERISA § 502(a)(3), while not "'normally' ... appropriate," may both proceed to trial at the court's discretion, at which time "the district court must then fashion appropriate relief." The facts at issue in *Devlin* are distinguishable from those at issue here, however, because in *Devlin*, the claimants sought more than recovery

of plan benefits, based on allegations that their employer reduced their life insurance benefits after misrepresenting that such benefits would remain constant for life.

The holding in *Devlin* was confirmed by the Second Circuit in *Frommert v. Conkright*, 433 F.3d 254, 270 (2d Cir. 2006), where the court upheld the district court's dismissal of the plaintiffs' equitable relief claim under ERISA on the basis that "[t]he relief that the plaintiffs seek, recalculation of their benefits consistent with the terms of the Plan, falls comfortably within the scope of § 502(a)(1)(B) . . . [,and thus,] there is no need on the facts of this case to also allow equitable relief under § 502(a)(3)."

Here, as in *Frommert*, Plaintiff's breach of fiduciary duty claims relate to MetLife's (and American's, through an agency theory) alleged actions and inactions in processing Plaintiff's LTD claim. Specifically, the Amended Complaint alleges that MetLife (1) provided incorrect and misleading information (including the June 9, 2005 denial letter) to Plaintiff; (2) failed to make a determination on Plaintiff's LTD claim, after having agreed that such claim was still active and after having solicited and received medical

evidence demonstrating that Plaintiff could not return to work as a pilot; and (3) failed to provide Plaintiff with a copy of her LTD claim file in a timely manner, despite Plaintiff's repeated requests for such file.  The relief sought by Plaintiff, as pled in the Amended Complaint, is (1) a determination that she is disabled; (2) payment of all LTD benefits, past and future, plus interest; (3) attorney fees and costs of suit; and (4) punitive damages. (Am. Compl., p. 11.)  Additionally, Plaintiff seeks unspecific "damages for breach of fiduciary duty," "other damages," and "damages for bad faith."  (*Id.* at p. 11, ¶¶ d, e, g.)

Construing the Amended Complaint liberally in Plaintiff's favor, the remedy Plaintiff seeks is recovery of benefits she claims are payable to her under the LTD Plan. Alternatively, as noted above, Plaintiff's Response seems to argue that an appropriate remedy would be remand to the administrator for a full and fair review of her LTD claim. The Court's ability to fashion appropriate relief in this case is covered by ERISA §§ 502(a)(1)(B) and 503(2), and case law allowing remand of claims filed under § 502(a)(1)(B) even where there is no request for equitable relief, *see, e.g.*, *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 630 (2d Cir. 2008).  Therefore, there is no need

for Plaintiff to plead a separate cause of action for breach of fiduciary duty.

## Conclusion

For these reasons, I recommend that American's and MetLife's Motions to Dismiss Counts II and IV of the Amended Complaint be granted, and that Counts II and IV of the Amended Complaint, which plead causes of action for breach of fiduciary duty against each respective Defendant, be dismissed.

Dated at Burlington, in the District of Vermont, this 2nd day of February, 2009.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 (ten) days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, a written objection which shall specifically identify the portion(s) of the proposed findings, recommendations, or report to which objection is made and the basis for such objection. Failure to file an objection within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a), 6(e).